UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JULISSA OVALLE; ANGEL BUITRAGO; MICHAEL MIZE; CYNTHIA MEDINA; LYNNE CASSANI; JERRY RAYMOND; WILTRON DIAZ; THOMAS CANNETTI; ANGEL SOTO; and BLAINE IFILL,

Plaintiffs,

vs.

HOWARD BARTON; CHARLES BRINKLEY; DIANE DELLO RUSSO; DONALD FORTIN; JAMES URBACH; ASTARA CAPITAL PARTNERS FUND I, LP; TONY HARTSGROVE; and DEL-AIR HEATING, AIR CONDITIONING & REFRIGERATION, LLC,

Defendants.

Case No. 6:23-cv-551-CEM-RMN

## ORDER

This matter is before the Court without oral argument on Defendants Astara Capital Partners Fund I, LP and Howard Barton's

Motions to File Under Seal. Dkts. 133, 137. Because Defendants' Motions are nearly identical and contain the same deficiencies, I address both Motions in this Order.[1]

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal punctuation omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). Even so, "[t]he common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1245 (quoting *Chi. Trib. Co.*, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information,

---

[1] Defendant Howard Barton's Motion does not include a conferral certification as required by Local Rule 3.01(g). The Motion is denied for that reason as well.

whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* at 1246.

Defendants' Motions assert they are requesting a seal of their Motions to Dismiss and attached exhibits because they contain information the parties have designated as confidential under the parties' confidentiality agreement. Dkts. 137 at 28664, 133 at 28288. Defendants also state that the proposed redactions are similar to the redactions in Plaintiff's Complaint, which were approved by the Court. Dkts. 137 at 28665, 133 at 28289. But, as the Court warned Plaintiff in the Order granting the seal, "Local Rule 1.11(a) establishes that sealing is not authorized by a confidentiality agreement or a designation of confidentiality." Dkt. 131 at 28285. Rather, "the parties' mutual agreement to keep documents confidential or to seal materials is immaterial to a court's decision regarding the public's right of access." *Myers v. Provident Life and Accident Ins. Co.*, No. 8:19-cv-724, 2024 WL 4289635, at *2 (M.D. Fla. Sep. 25, 2024) (cleaned up) (citing *Reed v. CRST Van Expedited, Inc.*, 8:17-cv-199, 2018 WL 5077179, at *2 (M.D. Fla. Apr. 17, 2018)).

Additionally, Defendants' Motions seek to fully seal the exhibits attached to their Motions to Dismiss rather than filing a redacted version on the public docket. *See, e.g.*, Dkts. 134-2, 138-2. If Defendants wish to seal the exhibits rather than redacting certain

information, Local Rule 1.11(b)(3) requires them to establish that using a redaction, pseudonym, or a means other than sealing is unavailable or unsatisfactory. This showing appears to be precluded here because Defendants quote the exhibits that purportedly need to be sealed in their Motions to Dismiss. *See, e.g.*, Dkts. 134 at 28505 (quoting exhibits 1, 2, and 3), 138 at 28892 (quoting exhibit 3); *see also Thelen v. Somatics, LLC*, No. 8:20-cv-1724, 2023 WL 2584465, at *3 (M.D. Fla. Mar. 21, 2023) (denying motion to file under seal where the information was already publicly disclosed in the complaint and pending motions, which made disclosure of the information less likely to cause substantial harm).

Lastly, Defendants are cautioned that requests to seal information that is central to the disposition of the case or the motions to dismiss will likely be denied. *See, e.g.*, *Thelen*, 2023 WL 2584465, at *3 (denying motion to file under seal where the information was central to the case and implicated in the pending summary judgment motions). This is true here too, where the parties ask the Court to consider the information provided in the exhibits while deciding the pending motions to dismiss.

Accordingly, it is **ORDERED** that Defendants Astara Capital Partners Fund I, LP and Howard Barton's Motions to File Under Seal (Dkts. 133, 137) are **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida, on April 22, 2026.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record