**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| Julissa Ovalle, Lynne Cassani, Angel Buitrago, Michael Mize, Cynthia Medina, Wiltron Diaz, Jerry Raymond, Angel Soto, Thomas Cannetti, and Blaine Ifill As representatives of a class of similarly situated persons, and on behalf of the Employee Stock Ownership Plan and Trust for the Employees of Del-Air Heating, Air Conditioning and Refrigeration, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>Howard Barton, Diane Dello Russo, Donald Fortin, Charles Brinkley, Tony Hartsgrove, James Urbach, Del-Air Heating, Air Conditioning & Refrigeration, LLC, as successor in interest to Del-Air Heating, Air Conditioning and Refrigeration, Inc., and Astara Capital Partners Fund I, L.P.,<br><br>Defendants. | Case No. 6:23-cv-551-CEM-RMN |

**DEFENDANT ASTARA CAPITAL PARTNERS FUND I, L.P'S AMENDED MOTION TO SEAL & INCORPORATED MEMORANDUM OF LAW**

Defendant Astara Capital Partners Fund I, L.P. ("Astara"), by and through its counsel and pursuant to Local Rule 1.11, hereby submits this Amended Motion to Seal Documents and Incorporated Memorandum of Law. In support, Astara states as follows:

1. On April 16, 2026, Astara filed a Motion to File Under Seal portions of its Motion to Dismiss Second Amended Complaint and Incorporated Memorandum of Law ("Motion to Dismiss") and Exhibits 1–5 attached to the Declaration of Shaun A. Gates in support of the Motion to Dismiss ("Motion to Dismiss Exhibits"). *See* Dkt. No. 133. The Court denied Astara's Motion to File Under Seal without prejudice. Dkt. No. 139 at 4–5. The Court explained that "Local Rule 1.11(a) establishes that sealing is not authorized by a confidentiality agreement or a designation of confidentiality." *Id.* at 3 (citation omitted). Additionally, the Court stated that because Astara sought "to fully seal the exhibits attached to their Motions to Dismiss rather than filing a redacted version on the public docket, Local Rule 1.11(b)(3) requires them to establish that using a redaction, pseudonym, or a means other than sealing is unavailable or unsatisfactory." *Id.* at 3–4.

2. Astara's submits this Amended Motion to File Under Seal, which addresses the Court's Order denying without prejudice its previous Motion to File Under Seal.

3. Astara's Motion to Dismiss directly quotes from and/or refers to documents containing non-public commercial and financial information regarding Del-Air Heating, Air Conditioning and Refrigeration, Inc. ("Del-Air"), including Astara's non-public proposals for reworking Del-Air, and the challenged November 2022 transaction. Additionally, Exhibits 1–5 attached to the Declaration of Shaun A. Gates in support of the Motion to Dismiss ("Motion to Dismiss Exhibits") also contain

similar non-public commercial and financial information. Astara and the parties to this litigation have maintained this information as confidential.

4. **Proposed Redactions to Motion to Dismiss**: The proposed redactions in the Motion to Dismiss are identical or substantively similar to the redactions to Plaintiffs' First Amended Complaint and Second Amended Complaint, which were previously approved by this Court. *See* Dkt. No. 76 (granting Plaintiffs' motion to file First Amended Complaint under seal); Dkt. No. 131 (granting Plaintiffs' motion to maintain the Second Amended Complaint under seal). The proposed redactions are also similar to sealing requests permitted by other courts in the context of a lawsuit challenging a transaction involving an employee stock ownership plan. *See, e.g.*, Order Granting Application For Leave To File Under Seal, *Gamino v. KPC Healthcare Holdings, Inc., et al.*, No. 20-cv-01126 (C.D. Cal. Nov. 11, 2021), Dkt. No. 210 (permitting sealing of financial data and non-public terms of ESOP transaction); Minute Order, *Godfrey v. Greatbanc Trust Company, et al.*, No. 18-cv-07918 (N.D. Ill. Mar. 1, 2022), Dkt. No. 287 (granting defendants' motion to seal nonpublic financial information regarding ESOP transaction). Finally, the proposed redactions to the Motion to Dismiss are not "central to the disposition of" the Motion to Dismiss. *See* Dkt. No. 139 at 4.

5. **Proposed Redactions to Exhibits to Motion to Dismiss**: Astara seeks to redact only non-public and highly-sensitive information from the Motion to Dismiss Exhibits reflecting: (i) Astara's proposed changes to Del-Air's business operations; (ii)

Astara's financial projections for Del-Air; (iii) Del-Air's EBITDA and adjusted EBITDA; (iv) terms and pricing of Del-Air's customer contracts; and (v) the budget for Astara's diligence process. Astara's proposed changes and financial projections for Del-Air were drafted based on Astara's own non-public strategies and methodologies, as well non-public information about Del-Air's business operations. Astara does not seek to redact any of portions of the Exhibits quoted in the Motion to Dismiss. And none of the proposed redactions in the Motion to Dismiss Exhibits are "central to the disposition of" the Motion to Dismiss. *See* Dkt. No. 139 at 4. Specifically, Astara seeks to redact the following information from each Exhibit:

a. **Exhibit** 1: Astara's proposed changes to Del-Air's business operations;

b. **Exhibit 2**: Astara's proposed changes to Del-Air's business operations, Astara's financial projections for Del-Air, Del-Air's EBITDA and adjusted EBITDA, and the terms and pricing of Del-Air's customer contracts;

c. **Exhibit 3**: Del-Air's EBITDA, Astara's proposed changes to Del-Air's business operations, the budget for Astara's diligence process, and Astara's financial projections for Del-Air;

d. **Exhibit 4**: Astara's proposed changes to Del-Air's business operations; and

e. **Exhibit 5**: Del-Air's EBITDA and Astara's financial projections for Del-Air.

6. Therefore, the proposed redactions to Astara's Motion to Dismiss, *see* Dkt. No. 128, and to the Motion to Dismiss Exhibits are narrowly tailored to limit sealing to only the "commercial, financial information, or other competitively sensitive information that [Astara and the parties to this litigation] ha[ve] maintained as confidential." *See* Dkt. No. 46-1. The disclosure of the confidential information in the Motion to Dismiss and Motion to Dismiss Exhibits could result in competitive harm to Astara and Del-Air because it would reveal business strategies to competitors. "Courts in this District have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view." *Loc. Access, LLC v. Peerless Network, Inc.*, No. 17-cv-236, 2022 WL 17452314, at *1 (M.D. Fla. Dec. 6, 2022) (collecting cases).

7. Prior to bringing this Amended Motion, counsel for Astara conferred with Plaintiffs' counsel who indicated that they take no position on, and do not intend to oppose, the requested relief.

**WHEREFORE**, Astara respectfully requests that the Court grant Plaintiffs' Unopposed Amended Motion to Seal (1) seal the unredacted Motion to Dismiss; (2) approve the redaction of confidential information in the Motion to Dismiss; (3) seal the unredacted Motion to Dismiss Exhibits, and (4) approve the redaction of the confidential information in the Motion to Dismiss Exhibits.

Dated: May 4, 2026

*/s/ Lars C. Golumbic*
Lars C. Golumbic, Esquire
Shaun A. Gates, Esquire
Groom Law Group, Chartered
1701 Pennsylvania Ave., NW, Ste. 1200

Washington, D.C. 20006
Tel: (202) 861-5437
Fax: (202) 659-4503
Email: lgolumbic@groom.com
sgates@groom.com

Robert J. Stovash, Esquire
Florida Bar Number 769320
Byrd Campbell, P.A.
180 Park Avenue North, Suite 2A
Winter Park, FL 32789
Telephone: (407) 393-5398
Facsimile: (407) 392-2286
Email: RStovash@ByrdCampbell.com
Secondary Email:
jserrano@byrdcampbell.com

*Attorneys for Defendant Astara Capital Partners Fund I, L.P.*

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th day of May, 2026, the foregoing was electronically filed using the CM/ECF system, causing a Notice of Electronic Filing to be transmitted to all counsel of record.

*/s/ Lars C. Golumbic*
Lars C. Golumbic