UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JULISSA OVALLE; ANGEL BUITRAGO; MICHAEL MIZE; CYNTHIA MEDINA; LYNNE CASSANI; JERRY RAYMOND; WILTRON DIAZ; THOMAS CANNETTI; ANGEL SOTO; and BLAINE IFILL,

Plaintiffs,

vs.

HOWARD BARTON; CHARLES BRINKLEY; DIANE DELLO RUSSO; DONALD FORTIN; JAMES URBACH; ASTARA CAPITAL PARTNERS FUND I, LP; TONY HARTSGROVE; and DEL-AIR HEATING, AIR CONDITIONING & REFRIGERATION, LLC,

Defendants.

Case No. 6:23-cv-551-CEM-RMN

**ORDER**

This matter is before the Court without oral argument on Defendant Astara Capital Partners Fund I, LP's Amended Motions to

Seal. Dkt. 140, 141. The Motions to Seal are nearly identical. But the Motion at Dkt. 141 includes the public version of the exhibits with the proposed redactions, and the Motion at Dkt. 140 includes the sealed exhibits. Accordingly, this Order addresses these two Motions as one. Upon consideration, and for the reasons stated below, the Motion is granted.

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal punctuation omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). Even so, "[t]he common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1245 (quoting *Chi. Trib. Co.*, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information,

whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* at 1246.

The Court finds Defendant's interest in keeping the information confidential outweighs the public's right of access. Defendant Astara asserts it seeks to redact "only non-public and highly sensitive information" regarding Del-Air's business operations, financial projects, customer contracts, and budgeting. Dkts. 140 at 28927–28, 141 at 29115–16. The redactions are narrowly tailored to only the confidential business information and courts in this District have recognized that maintaining the privacy of such information can constitute good cause for keeping documents from the public view. *See Robertson v. Alvarado*, No. 3:18-cv-487, 2018 WL 1899052, at *2 (M.D. Fla. Apr. 20, 2018) (granting motion to seal unredacted version of complaint that contained non-public and commercially sensitive information); *McLaughlin v. Select Rehab., LLC*, No. 3:22-cv-487, 2024 WL 4201615, at *2 (M.D. Fla. Sep. 16, 2024) (collecting cases sealing documents that contained confidential business information).

Accordingly, it is **ORDERED**:

1. Defendant Astara Capital Partners Fund I, LP's Amended Motions to Seal (Dkts. 140, 141) are **GRANTED**; and

2. Absent a further order of the Court, the seal will remain in effect until 90 days after this case is closed and all appeals have been exhausted.

**DONE** and **ORDERED** in Orlando, Florida, on May 6, 2026.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record